

FILED
3/18/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION **1:26-cr-00111**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Case No. Judge Sharon Johnson Coleman Magistrate Judge Jeannice W. Appenteng RANDOM/Cat. 3 |
| v. | Violation: Title 18, United States Code, Sections 1343 and 912 |
| TATIANA BAZER | **UNDER SEAL** |

### COUNT ONE

The SPECIAL SEPTEMBER 2025 GRAND JURY charges:

1.     At times material to this Indictment:

a.     Defendant TATIANA BAZER was a resident of the Northern District of Illinois.

b.     BAZER was the registered agent of TB International Inc., an Illinois domestic corporation established on or about June 2, 2022, and later dissolved on or about November 10, 2023.

c.     BAZER maintained and controlled bank accounts at various financial institutions, including Citibank, N.A. ("Citibank"), Wells Fargo, and JPMorgan Chase Bank, N.A. ("Chase Bank"), including a bank account in the name of TB International Inc. at Chase Bank.

2.     Beginning no later than in or around December 2021 and continuing through at least in or around February 2026, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

1

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3.      It was part of the scheme that BAZER solicited funds from various individuals including but not limited to Victims A, B, C, D, E, and F, based on her false representations about the intended use of the funds, including, for example, that such funds would be invested in projects in Ukraine, used to pay for immigration services (which were never provided), or as loans to BAZER for various needs, such as purchasing luxury watches (when she had no intention of paying them back), unfreezing large amounts of funds in bank accounts (which did not exist), or resolving BAZER's supposed arrest on shoplifting charges (which had not occurred).

4.      It was further part of the scheme that BAZER fraudulently misrepresented the intended use of funds she solicited from victims, including Victims A, B, C, D, E, and F, in order to induce them to provide BAZER with their funds, with some victims entrusting BAZER with hundreds of thousands of dollars.

5.      It was further part of the scheme that, after obtaining funds from victims based upon her false representations, BAZER expended much of the funds in a manner other than what she had represented to the victims, including for her own personal use.

2

6.      It was further part of the scheme that BAZER, in order to conceal her scheme, falsely represented to victims who sought repayment of their investments or loans that she possessed sufficient funds to repay them. For example, BAZER transmitted text messages to victims that contained images of false or falsely altered records, including: (a) bank statements that indicated BAZER possessed millions of dollars in various bank accounts; (b) checks purporting to be made payable to victims and drawn on a bank account controlled by BAZER; and (c) records purporting to be wire transfer records indicating that BAZER had initiated a wire transfer of funds to a victim's bank account.

7.      It was further part of the scheme that when some victims asked for repayment of their investment or loan funds, BAZER, in order to conceal her scheme, executed written agreements with victims in which BAZER agreed to repay the entirety of victims' funds within a specified period of time, despite knowing she did not intend to repay them.

8.      It was further part of the scheme that, in order to conceal her scheme, BAZER knowingly misrepresented material facts to, and knowingly concealed material facts from, victims concerning what BAZER had done with their funds.

9.      It was further part of the scheme that after learning that the Federal Bureau of Investigation ("FBI") was investigating her fraud scheme, BAZER impersonated or pretended to be FBI Special Agents, a prosecutor, and a criminal defense attorney to (1) lull certain victims into believing that BAZER was being held

3

accountable for her fraudulent conduct and that the victims would receive their funds that BAZER fraudulently had obtained, and (2) solicit, obtain, and retain additional funds based on false representations about the intended use of the funds, including, for example, that her case would be resolved and that victims would receive their funds that BAZER fraudulently had obtained.

10. It was further part of the scheme that BAZER misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

11. As a result of her execution of the scheme, BAZER fraudulently obtained at least approximately $3,500,000 from multiple victims, including Victims A, B, C, D, E, and F.

12. On or about July 8, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $100,000, from Victim A's bank account into a bank account held by BAZER at Citibank;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 11 of Count One are incorporated here.

2. On or about February 21, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a text message from BAZER to Victim A, which included an image of a check in the amount of $500,000 and made payable to Victim A;

In violation of Title 18, United States Code, Section 1343.

## <u>COUNT THREE</u>

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 11 of Count One are incorporated here.

2. On or about November 14, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a text message from BAZER to Victim B, which included an image of a purported pending wire transfer of $200,000 from a bank account held by BAZER at Chase Bank to Victim B's bank account;

In violation of Title 18, United States Code, Section 1343.

6

## **COUNT FOUR**

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One are incorporated here.

2.    On or about February 7, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $38,500, from Victim C's bank account into a bank account held by an entity that sells watches and jewelry;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT FIVE

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One are incorporated here.

2.     On or about October 31, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an electronic transfer of $2,000 via Zelle from Victim D to a bank account held by BAZER at Wells Fargo;

In violation of Title 18, United States Code, Section 1343.

8

## COUNT SIX

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One are incorporated here.

2.     On or about September 27, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an electronic transfer of $1,250 from Victim E to BAZER via Western Union;

In violation of Title 18, United States Code, Section 1343.

9

## COUNT SEVEN

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One are incorporated here.

2.      On or about January 22, 2026, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an electronic transfer of $5,000 from Victim F to BAZER via CashApp;

In violation of Title 18, United States Code, Section 1343.

10

## **COUNT EIGHT**

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One are incorporated here.

2.    On or about September 27, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, falsely assumed and pretended to be an officer and employee acting under the authority of the United States and a department, agency, and officer thereof, namely a Special Agent of the FBI, and in such pretended character demanded and obtained money from Victim E;

In violation of Title 18, United States Code, Section 912.

11

## **COUNT NINE**

The SPECIAL SEPTEMBER 2025 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One are incorporated here.

2.      On or about December 30, 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

TATIANA BAZER,

defendant herein, falsely assumed and pretended to be an officer and employee acting under the authority of the United States and a department, agency, and officer thereof, namely a Special Agent of the FBI, and acted as such;

In violation of Title 18, United States Code, Section 912.

12

## **FORFEITURE ALLEGATION**

The SPECIAL SEPTEMBER 2025 GRAND JURY alleges:

1.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately at least $3,500,000.

13

3. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY