UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TATIANA BAZER

No. 26 CR 111

Judge Sharon Johnson Coleman

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.      **Sensitive Materials:** All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Sensitive Materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as the law firm of counsel of record in this case, including its attorneys and employees) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. All of the materials provided by the United States should be considered Sensitive Materials.

2.      **Sensitive Contents:** The Sensitive Materials provided by the United States contain personal identifying information of one or more persons other than defendant and information that could threaten the privacy interests of victims, witnesses, and third parties if released (the "Sensitive Contents"). Defense counsel

and defendant are not permitted to disclose the Sensitive Contents except in accordance with the provisions of this Order.

3. **Specially Restricted Materials:** Certain of the Sensitive Materials, if disseminated, are significantly likely to endanger the privacy interests of victims, witnesses, and third parties if released. Any such materials marked by the government as "Specially Restricted Materials" are subject to all of the restrictions that apply to the Sensitive Materials, as well as additional restrictions, discussed below. These materials shall be plainly marked as "Specially Restricted Materials" by the government prior to disclosure.

4. Defendant's counsel shall not disclose the Sensitive Materials <u>or the Sensitive Contents</u> directly or indirectly to any person or entity other than (a) defendant; (b) persons employed to assist in the defense; (c) persons who are interviewed as potential witnesses and counsel for potential witnesses; and (d) other persons to whom the Court may authorize disclosure (hereinafter, individuals other than defendant referred to, collectively, "authorized persons"). Defendant's counsel shall not copy or reproduce the Sensitive Materials except in order to provide copies of the materials for use in connection with this case, within the limits of this Protective Order. Such copies and reproductions shall be treated in the same manner as the original Sensitive Materials. Potential witnesses and their counsel may be shown copies of the Sensitive Materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

2

5. Before the Sensitive Materials or the Sensitive Contents are provided directly or indirectly to defendant or an authorized person, defense counsel must advise defendant or authorized person of this Order and provide that person with a copy of this Order.

6. Defense counsel shall maintain a record of (1) any person to whom the Sensitive Materials or the Sensitive Contents were disclosed. Defense counsel shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order, provided a copy of this protective order, and have signed at the bottom of the copy of the protective order to document that the individuals have been advised of the protective order. This record is to be treated as protected work-product material, except that the Court may review the record on an *in camera, ex parte* basis upon a showing of good cause and may order disclosure of the record if good cause exists.

7. Defendant is not authorized to disclose the Sensitive Materials or the Sensitive Contents to any person without applying to this Court for an order authorizing him/her to make such disclosures. This paragraph does not apply to defense counsel who may disclose the Sensitive Materials as otherwise discussed in this Order.

8. In addition to being subject to all of the restrictions pertaining to the Sensitive Materials, materials designated as "Specially Restricted Materials" may not be given to defendant in any format. Counsel for defendant may show Specially

3

Restricted Materials to defendant, but defendant may not make copies or notes of such materials, nor may defendant retain such materials.

9. Absent prior permission from the Court, Sensitive Materials disclosed or to be disclosed by the government that contain personal identifying information and/or the financial information of persons other than defendant shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if defendant chooses to include in a public document sensitive information relating solely and directly to defendant).

10. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

11. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Sensitive Materials.

12. Upon conclusion of all stages of this case, all of the Sensitive Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Sensitive Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. Defendant may not

4

retain copies of the Sensitive Materials. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

13. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

14. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

15. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____

Judge Sharon Johnson Coleman
United States District Court
Northern District of Illinois

Date: April 16, 2026

5